IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| RICK MARINELLI, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-CV-2233 KHV-GLR |
| | ) |
| CON-WAY FREIGHT INC., | ) |
| | ) |
|       Defendant. | ) |

## PROTECTIVE ORDER

Plaintiff Rick Marinelli ("plaintiff") and defendant Con-way Freight Inc. ("defendant"), by their respective counsel, agree that their confidentiality and privacy interests should be protected by an appropriate protective order entered by the Court. For good cause shown, the Court issues this Protective Order, modified from a submission from defendant, and hereby **ORDERS**:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and non-parties, including plaintiff's confidential medical records, tax information, and other private documents regarding plaintiff's income; confidential matters concerning defendant's trade secrets, procedures, policies, training, and proprietary information; the personnel files of current and/or former employees of defendant; and documents concerning defendant's income, net worth, and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under

Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships. Entry of this Order does not waive any objections to discovery that a party may raise, nor does this Order in any way obligate any party to produce any specific documents or records in the future which a party deems inappropriate for production.

    2.    **Confidential Information.** The following categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential; non-public, confidential financial and/or net worth information of defendant, including tax returns, annual reports, profit and loss statements, and balance sheets; non-public, confidential trade secrets, procedures, policies, training, and proprietary information of defendant; non-public, confidential personnel and/or human resource documents of defendant's current or former employees; and medical, financial, and/or tax records relating to plaintiff.

    3.    **Designating documents and interrogatory answers as confidential**. Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. The parties may mark

documents produced by the opposing party as "Confidential."  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraphs 1 and 2 may be designated as Confidential Information.  Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraphs 1 and 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraphs 1 and 2.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

    4.    **Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as "Confidential" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:  the Court, court personnel, members of the jury, and counsel of record, and may also be disclosed on a need-to-know basis to the parties, counsels' staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, any independent document reproduction services or document or video recording and retrieval services, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in the prosecution or defense of this action. Counsel shall advise all persons to whom confidential materials are disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order.  Counsel shall not otherwise offer or permit disclosure of any confidential

document, its contents, or any portion or summary thereof.  Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any confidential information.

5. **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

6. **Binding Effect of This Order.**  This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons who have executed a Non-Disclosure Agreement and agreed to abide to the terms of this Order.  A suitable Non-Disclosure Agreement is attached hereto as Exhibit A.  A copy of an executed Non-Disclosure Agreement shall be served on appropriate counsel of record.

7. **Use of Confidential Information.**  The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case.  All Confidential Material produced by a party during discovery in this case, and summaries of any such Confidential Material, shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever.  No copies or summaries of any such Confidential Material shall be made or permitted to be made other than copies and summaries necessary for use in this action by the persons set forth in paragraph 4.

If a party wishes to use any confidential information in any affidavit, brief, memorandum, or other paper filed in this Court in this case, the parties should confer in good faith as to the desig-

nation of "Confidential" and whether it may be removed or whether the confidential nature of the information may be preserved by redaction. If the parties cannot agree to removal of the confidential designation or to an acceptable way to preserve the confidentiality while permitting its inclusion in a filing in this Court, the party seeking to proffer the confidential information may seek appropriate relief from the Court as set forth in Paragraph 5.

Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties should attempt in good faith to remove the designation of "Confidential" with respect to deposition transcripts and exhibits thereto to the greatest extent possible. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case. Nothing herein shall affect or restrict the rights of any party with respect to its own documents. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

In addition, if confidential information is to be included with, incorporated in, or in any way disclosed in any paper filed with the Court in connection with this proceeding or any subsequent appeals, the party wishing to use the confidential information must file a motion with the Court as contemplated by *Holland v. GMAC Mortgage Corporation.,* No. 03-2666-CM, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004), to request that the Court, for good cause shown, allow the confidential information or documentation to be filed under seal and kept confidential. Any material containing confidential information shall be submitted to the Court pursuant to Local Rule 79.3 and Local Rule 5.4.6. This provision shall not be deemed to prevent additional copies of any pleading

or paper from being hand-delivered to the Court's chambers provided, however, such copies comply with the requirements set forth herein.

8. **Return of Confidential Information.** At the conclusion of this litigation the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel may return such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

9. **Other Protective Orders.** This Order is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

10. **Duration of Order**. The confidentiality obligations imposed by this order shall remain in effect unless otherwise expressly ordered by the Court.

**IT IS SO ORDERED**.

Dated this 12th day of October, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

**Exhibit A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICK MARINELLI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 11-CV-2233 KHV-GLR |
| | ) |
| | ) |
| **CON-WAY FREIGHT INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### NON-DISCLOSURE AGREEMENT

I, _____, employed by _____, hereby acknowledge that I (am/am not) retained or specially employed by a party as an expert, that I have read the Protective Order entered on _____, 2011, in the above-styled action, that I understand the terms thereof, and that I agree to be bound by such terms.  I further agree to be subject to the jurisdiction of this Court for purposes of enforcement of the terms of the Protective Order referenced above.

This \_\_\_\_\_ day of _____, _____.

Signature: _____    Print Name: _____

Address: _____

_____